# Affidavit of Mr. Casie Cde Baca

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff

v.

No. 07-774C

THE UNITED STATES,

Defendant.

**AFFIDAVIT OF CASIE CDE BACA**

I, Casie Cde Baca, declare as follows:

1. I am the President of Sun Western Enterprises, Inc. ("Western"), a Colorado corporation formerly located at 11590 Jackson Street, Thornton, Colorado 80233.
2. On September 30, 2003, Sun Western Enterprises, Inc. entered into Contract V554C-383-03-8(a) with the U.S. Department of Veterans Affairs (the "VA") and on September 24, 2003, Western entered into Contract V554C-839-03-8(a), with the VA (collectively, the "Contracts").
3. Western prepared a bid solicitation for the Contracts but prior to completing its bid proposals, Western arranged to meet with the VA and tour the project sites.
4. During this site visit, the VA's contracting officer technical representative informed Western that the VA wanted to change the piping layout and configuration for the steam and condensate project and instructed Western to submit a bid to construct the steam and condensate project using aboveground overhead piping. Based on this instruction, Western changed its bid for the steam and condensate project to include aboveground overhead piping and submitted the proposal to the VA.

5. After submitting its proposal Western was summoned to a meeting with the VA's contracting officer and was informed that its bid price to complete the steam and condensate project using aboveground overhead piping was too costly for the VA's budget.

6. The VA informed Western that it had decided to proceed with the steam and condensate project using aboveground overhead piping but would need Western's help to do so. As such, the VA gave its assurances to Western that it would compensate Western for the additional costs by issuing a series of change orders during the project.

7. Western obtained from the Hartford Fire Insurance Company performance and payment bonds (the "Bonds") for the Contracts. A copy of the Bonds are attached hereto as **Tab 1**.

8. The VA issued its notice to proceed on September 30, 2003 and after the notice to proceed was issued, the VA was slow in providing as-built drawings to Western, which delayed the overall design.

9. On December 1, 2003, the VA instructed Western that it could begin excavation on the steam and condensate project despite the unavailability of as-built drawings.

10. The VA and Western agreed to change the pipe routing to allow the use of underground trenches for the first fourth of the piping run and thereafter provide aboveground piping adjacent to and between the buildings. As part of this change, Western was required to provide aluminum cladding and insulation over the new piping. Western submitted a contract change order for the installation of the aluminum cladding but it was rejected by the VA.

11. Western was also required to do much of the aboveground piping work during off-hours and weekends to avoid traffic issues and prevent interference with the VAMC's daily operations. Western submitted a contract change order for the additional time and expense for working during off-hours and weekends but this change order was also rejected by the VA.

12. The VA requested Western install condensate pumping and monitoring equipment. Change orders for these items were also rejected by the VA.

13. On or about September 22, 2003, Western entered into an indemnity agreement (the "Indemnity Agreement") with the Hartford Fire Insurance Company regarding the Bonds. A copy of the Indemnity Agreement is attached hereto as **Tab 2**.

14. As part of the Indemnity Agreement, Western, assigned all of its rights and claims arising from or relating to the Bonds to Hartford Fire Insurance Company. Included in this assignment were the Contracts and all contract claims described by Lynx Construction and Consulting, LLC in its joint claim filed on behalf of the Hartford Fire Insurance Company and Western on May 16, 2007.

15. The assignment of the Contracts and contract claims from Western became valid as of the issue date of the Bonds.

16. On February 11, 2005, U.S. Department of Veterans Affairs wrongly terminated Western

17. On October 4, 2005, U.S. Department of Veterans Affairs entered into takeover agreements regarding the Contracts, which were incorporated into the takeover agreements. In these takeover agreements, Western was designated to represent the

surety as a completing contractor and I was specifically designated as the surety's representative regarding the Contracts.

18. On or about May 7, 2007, acting as an authorized representative, Western and Hartford Fire Insurance Company's duly appointed representative under the surety takeover agreements, I did certify pursuant to FAR 52.233-1(2)(iii) the Hartford Fire Insurance Company and Western's joint claim regarding the herein referenced contracts.

19. I herein reaffirm said claim certifications on behalf of the Hartford Fire Insurance Company and Western

20. I have personal knowledge of the facts in this declaration and am competent to testify to the matters stated therein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2008.

Casie Cde Baca

STATE OF COLORADO )
)ss.
COUNTY OF DENVER )

SUBSCRIBED AND SWORN TO before me this 18th day of April, 2008, by Casie Cde Baca.

My Commission Expires: 09/26/2009

Notary Public

SEAL

BONNIJEANNE M. VIGIL
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 09/26/2009

# Baca Affidavit – Tab 1

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) | FORM APPROVED OMB NO 9000-0045 BOND NO.37BCSBU9556 |
|---|---|---|

Reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) | | | |
|---|---|---|---|---|
| Western Sun Enterprises, Inc.<br>11590 Jackson Street<br>Thornton, CO 80233 | ☐ INDIVIDUAL ☐ JOINT VENTURE ☐ | | ☐ PARTNERSHIP ☒ CORPORATION | |
| | STATE OF INCORPORATION<br>CO | | | |
| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
| Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | MILLION(S) | THOUSAND(S)<br>443 | HUNDRED(S)<br>674 | CENTS<br>90 |
| | CONTRACT DATE | CONTRACT NO.<br>V554C-838-04-8(a) | | |

OBLIGATION:

We, the Principal and Surety (ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

NESS:

Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

PRINCIPAL

| Western Sun Enterprises, Inc. | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|
| NAME & ADDRESS | Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | CT | $ | Corporate Seal |
| SIGNATURES | 1. | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. J.R. Richards<br>Attorney-in-Fact | 2. Elke E. Eriksen<br>Denver, Colorado | | |

NSN 7540-01-152-8061
Previous edition not usable

STANDARD FORM 25-A (REV 1-90)
Prescribed by GSA – FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) (Continued)

| SURETY B | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|
| NAME & ADDRESS | | | | |
| SIGNATURES | 1. | 2. | | Corporate |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | Seal |
| **SURETY C** | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | |
| SIGNATURES | 1. | 2. | | Corporate |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | Seal |
| **SURETY D** | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | |
| SIGNATURES | 1. | 2. | | Corporate |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | Seal |
| **SURETY E** | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | |
| SIGNATURES | 1. | 2. | | Corporate |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | Seal |
| **SURETY F** | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | |
| SIGNATURES | 1. | 2. | | Corporate |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | Seal |
| **SURETY G** | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | |
| SIGNATURES | 1. | 2. | | Corporate |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | Seal |

INSTRUCTIONS

6. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

7. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

8. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties. (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

9. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

10. Type the name and title of each person signing this bond in the space provided.

10/19/2027 09:26 2538532212 THE HARTFORD PAGE 07/08
'3/2004 13:08 FAX 002

| PERFORMANCE BOND (See Instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) | FORM APPROVED OMB NO 9000-0045 BOND NO. 37BCSBU9556 |
|---|---|---|

Pub... .porting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) | | | |
|---|---|---|---|---|
| Western Sun Enterprises, Inc.<br>11590 Jackson Street<br>Thornton, CO 80233 | ☐ INDIVIDUAL<br>☐ JOINT VENTURE | ☐ PARTNERSHIP<br>☒ CORPORATION | | |
| | STATE OF INCORPORATION: CO | | | |
| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
| Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | MILLION(S) | THOUSAND(S) 443 | HUNDRED(S) 674 | CENTS 90 |
| | CONTRACT DATE | CONTRACT NO. V554C-838-04-8(a) | | |

OBLIGATION:

We, the Principal and Surety (ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:
The Principal has entered into the contract identified above.

THEREFORE:
The above obligation is void if the Principal – (a)(1) Performs and fulfills all the undertakings, covenants terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) ...ys to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), w... .. are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:
The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

RECEIVED NOV

| PRINCIPAL: Western Sun Enterprises, Inc. | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

| CORPORATE SURETY(IES) | | | | |
|---|---|---|---|---|
| SURETY A NAME & ADDRESS | Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | STATE OF INC. CT | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURES | 1. | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. J.R. Richards<br>Attorney-in-Fact | 2. Elke E. Eriksen<br>Denver, Colorado | | |

NSN 7540-01-152-8060 Previous edition not usable EXPIRATION DATE 9-30-95 24-107 STANDARD FORM 25 (REV 1-90) Prescribed by GSA – FAR (48 CFR) 53.228(b)

1) Premium 2.5% = $11,092.00
2) Class B Contract
3) G/A

OBLIGEE: USA (VA Medical Center)
1055 Clermont Street Rm 109
Denver, CO 80220

CORPORATE SURETY(IES) (Continued)

| | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| SURETY B | | | | | |
| NAME & ADDRESS | | | | | |
| SIGNATURES | 1. | 2. | | | Corporate |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | Seal |
| SURETY C | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | |
| SIGNATURES | 1. | 2. | | | Corporate |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | Seal |
| SURETY D | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | |
| SIGNATURES | 1. | 2. | | | Corporate |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | Seal |
| SURETY E | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | |
| SIGNATURES | 1. | 2. | | | Corporate |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | Seal |
| SURETY F | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | |
| SIGNATURES | 1. | 2. | | | Corporate |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | Seal |
| SURETY G | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | |
| SIGNATURES | 1. | 2. | | | Corporate |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | Seal |

| BOND PREMIUM ➔ | RATE PER THOUSAND | TOTAL |
|---|---|---|
| | $ $25.00 Per Thousand | $ 11,092.00 |

INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties. (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

10/19/2027 09:26 2538532212 THE HARTFORD PAGE 01/08

06/21/2005 16:08 FAX 002

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) | FORM APPROVED OMB NO 9000-0045 BOND NO.37BCSBU9555 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| Western Sun Enterprises, Inc.<br>11590 Jackson Street<br>Thornton, CO 80233 | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION: CO |
| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND: MILLION(S): — THOUSAND(S): 243 HUNDRED(S): 032 CENTS: 00 |
| Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | CONTRACT DATE: — CONTRACT NO.: V554C-839-B(a) |

OBLIGATION:

We, the Principal and Surety (ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

PRINCIPAL

| Western Sun Enterprises, Inc. | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|
| NAME & ADDRESS | Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | CT | $ | Corporate Seal |
| SIGNATURES | 1. | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. J.R. Richards<br>Attorney-in-Fact | 2. Elke E. Eriksen<br>Denver, Colorado | | |

NSN 7540-01-152-8061
Previous edition not usable

STANDARD FORM 25-A (REV 1-90)
Prescribed by GSA – FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) (Continued)

| | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| SURETY B | | | | | |
| NAME & ADDRESS | | | | | Corporate Seal |
| SIGNATURES | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY C | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | Corporate Seal |
| SIGNATURES | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY D | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | Corporate Seal |
| SIGNATURES | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY E | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | Corporate Seal |
| SIGNATURES | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY F | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | Corporate Seal |
| SIGNATURES | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY G | | | STATE OF INC. | LIABILITY LIMIT | |
| NAME & ADDRESS | | | | | Corporate Seal |
| SIGNATURES | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |

INSTRUCTIONS

6. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

7. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

8. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties. (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

9. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

10. Type the name and title of each person signing this bond in the space provided.

10/19/2027 09:26 2538532212 THE HARTFORD PAGE 03/08
09/23/2004 13:11 FAX 002/005

| PERFORMANCE BOND (See Instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) | FORM APPROVED OMB NO 9000-0045 BOND NO. 37BCSBU9555 |
|---|---|---|

F... eporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| Western Sun Enterprises, Inc.<br>11590 Jackson Street<br>Thornton, CO 80233 | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION: CO |
| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND: MILLION(S): ; THOUSAND(S): 243 ; HUNDRED(S): 032 ; CENTS: 00 |
| Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | CONTRACT DATE: ; CONTRACT NO. V554C-839-8(a) |

OBLIGATION:

We, the Principal and Surety (ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:
The Principal has entered into the contract identified above.

THEREFORE:
The above obligation is void if the Principal – (a)(1) Performs and fulfills all the undertakings, covenants terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

... ys to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), ...n are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:
The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

Western Sun Enterprises, Inc.

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| | | | | |
|---|---|---|---|---|
| SURETY A NAME & ADDRESS | Hartford Fire Insurance Company<br>Hartford Plaza<br>Hartford, CT 06115 | STATE OF INC. CT | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURES | 1. | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. J.R. Richards<br>Attorney-in-Fact | 2. Elke E. Eriksen<br>Denver, Colorado | | |

NSN 7540-01-152-8060 Previous edition not usable — EXPIRATION DATE 9-30-95 — 24-107 — STANDARD FORM 25 (REV 1-90) Prescribed by GSA – FAR (48 CFR) 53.228(b)

① Premium 2.5% = $6076.00
② Class B Contract
③ Obligee: USA (VA Medical Center)
1055 Clermont Street
Denver, Co 80220

NOV 18 '03

KCRRD ...

CORPORATE SURETY(IES) (Continued)

| | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| SURETY B NAME & ADDRESS | | | | | |
| SIGNATURES | 1. | 2. | | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY C NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT | |
| SIGNATURES | 1. | 2. | | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY D NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT | |
| SIGNATURES | 1. | 2. | | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY E NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT | |
| SIGNATURES | 1. | 2. | | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY F NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT | |
| SIGNATURES | 1. | 2. | | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |
| SURETY G NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT | |
| SIGNATURES | 1. | 2. | | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed | 1. | 2. | | | |

| BOND PREMIUM ➔ | RATE PER THOUSAND | TOTAL |
|---|---|---|
| | $ $25.00 Per Thousand | $6,076.00 |

INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties. (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

# Baca Affidavit – Tab 2

The Hartford

A 37C100160598
... Sun Enterprises

COPY

General Indemnity Agreement

One or more of the undersigned, herein called Indemnitors, has requested or may request Hartford Fire Insurance Company or any of its insurance company affiliates, herein individually and collectively called Surety, to furnish, procure or continue contracts of suretyship, guaranty or indemnity, or other obligatory instruments, herein called Bonds, on behalf of any one or more of the Indemnitors.

By the execution of this Agreement, the Indemnitors expressly warrant their material or beneficial interest in such Bonds, and in consideration of the furnishing, procuring or continuing of such Bonds, and other good and valuable consideration, the Indemnitors hereby jointly and severally agree to the following:

I

The Surety may decline to execute any Bond without incurring any liability to any Indemnitor. This includes Bonds required in connection with the performance of a contract awarded under a proposal for which the Surety has executed a bid or proposal bond, a bid letter, a consent of surety or an agreement of surety.

Such declination by the Surety shall not affect the liability of any Indemnitor to the Surety relating to other Bonds or to this Agreement.

II

This Agreement applies to all Bonds executed by the Surety (1) on which any Indemnitor either acts solely or as a member of a partnership or a joint venture, or (2) in connection with which any Indemnitor acts as a silent partner or a silent joint venturer.

If the Surety procures the execution of Bonds by other sureties, or executes Bonds with cosureties, the provisions of this Agreement shall inure to the benefit of such other sureties or cosureties as their interests may appear.

III

The Indemnitors will indemnify and hold the Surety harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interests and attorney's fees, which the Surety incurs or sustains (1) because of having furnished any Bond, or (2) because of the failure of an Indemnitor to discharge any obligations under this Agreement, or (3) in enforcing any of the provisions of this Agreement.

IV

On demand by the Surety, the Indemnitors will pay the Surety the amount deemed necessary by the Surety to protect itself from all losses or expenses as soon as the Surety determines that liability exists, whether or not the Surety has made any payment or created any reserve.

V

The Indemnitors shall be liable to the Surety for all payments, plus interest thereon at the maximum rate permitted by law, from the date such payments are made by the Surety in belief that either (1) the Surety was or might be liable therefor, or that (2) they were necessary or advisable to protect the Surety's rights or to avoid or lessen the Surety's liability.

Vouchers or other evidence of such payments, including records of any nature maintained by the Surety in the ordinary course of business, shall be prima facie evidence of the existence and extent of the liability of the Indemnitors to the Surety.

VI

The Surety shall have access to all the books, and other documents of the Indemnitors during regular business hours or at any other reasonable time until the liability of the Surety under each Bond is terminated. Financial institutions, materialmen, suppliers, bond obligees and all other persons and organizations, including suppliers of legal and accounting services, are authorized to furnish the Surety any information requested including the status and condition of work under any contracts being performed by any Indemnitor and the financial status of such contracts.

VII

With respect to any Bond issued on behalf of an Indemnitor, all Indemnitors assign, transfer and convey to the Surety:

A. All rights of the Indemnitors in, arising from, or related to such Bonds or any bonded or unbonded contracts or any extensions, modifications, alterations or additions thereto:

B. All right, title and interest of the Indemnitors in and to (1) the work performed, (2) all supplies, tools, plant, machinery, equipment and materials on or near work sites or elsewhere, and (3) all materials purchased for or chargeable to the contract which may be in the process of manufacture, construction or transportation, or in storage anywhere.

These assignments shall take effect with respect to each Bond as of its execution date, but only in the event of any of the following:

(a) An Indemnitor's abandonment, forfeiture or breach of, or failure, refusal or inability to perform, a contract guaranteed by any Bond;

(b) An Indemnitor's failure, refusal or inability to pay any bills or satisfy any debts incurred in connection with the performance of a contract guaranteed by any Bond;

(c) An Indemnitor's failure, refusal or inability to satisfy any condition of any Bond or to comply with any term or provision of this agreement.

(d) An Indemnitor's failure to pay when due, any debt owed to the Surety;

(e) An Indemnitor's assignment for the benefit of creditors, or the appointment of, or the application for the appointment of, a receiver or trustee for any Indemnitor whether insolvent or not;

(f) A proceeding which prevents or interferes with an Indemnitor's use of any of the supplies, tools, plant, machinery, equipment or other materials referred to in paragraph B. of this Section;

(g) The death, absconding, disappearance, incompetency, imprisonment or felony conviction of any Indemnitor.

In the event these assignments become operative, the Indemnitors authorize the Surety, at its sole discretion and to the extent it deems appropriate, but without any obligation on its part:

(i) To assert and pursue all of the assigned, transferred or conveyed rights, actions, causes of action, claims and demands;

(ii) To take possession of all or part of the work plus all associated supplies, tools, plant, machinery, equipment, materials, records, drawings and plans, and to arrange for the completion of such work, or to relet, or consent to the reletting or completion of, the contract secured by any Bond.

VIII

If a Bond is executed in connection with the performance of a contract, the entire contract price shall be dedicated to the satisfaction of the conditions of the bonded contract. All money paid, or any securities, warrants, checks or evidences of debt, plus any proceeds, thereof, given under the bonded contract shall be impressed with a trust in the hands of the Indemnitors in favor of the Surety for the purpose of satisfying the conditions of the bonded contract and shall be used for no other purpose until such conditions have been fully satisfied.

IX

The Surety, without notice to the Indemnitors and despite any increase in their liability, may agree to either (1) changes in Bonds or bonded contracts or the plans or specifications relating to them, or (2) the addition of Indemnitors by addendum to this Agreement.

X

The Indemnitors expressly waive any notice of the following to which they may be entitled notwithstanding any defenses they otherwise may have been able to assert:

(a) The execution of any Bonds or the refusal to execute any Bonds;

(b) Defaults under contracts or any acts which might result either in claims or in liabilities of the Surety under any Bonds.

(c) Any act, fact, or information concerning or affecting the rights or liabilities of the Surety or any Indemnitor.

XI

The Surety may sell property assigned to or deposited with it without incurring any liability. The sale may be public or private and with or without notice of the time or place thereof. When all liability of the Surety under all Bonds is terminated, any balance remaining after the Surety has reimbursed itself for all liability, losses and expenses shall be returned to the Indemnitors.

XII

The Indemnitors irrevocably constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all rights of the Indemnitors assigned to the Surety, and, in the name of the Indemnitors, to execute and deliver any other assignments or documents deemed necessary by the Surety to effectuate and exercise the rights given it under this Agreement including, but not limited to, the right to endorse the name of any Indemnitor upon any securities, checks, drafts or evidences of debt. The Indemnitors hereby ratify and confirm all acts and actions taken by the Surety as such attorney-in-fact.

XIII

The Surety may bring separate suits on this Agreement as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action.

XIV

Any Indemnitor shall immediately notify the Surety in writing of any demand, notice, suit, action, or proceeding relating to any Bond.

The Surety may adjust, settle or compromise any claim, demand, suit or judgment upon any Bonds. If requested by an Indemnitor, the Surety shall litigate such claim or demand or defend such suit, or appeal from such judgment, provided that the Indemnitor deposits with the Surety, at the time of such request, collateral satisfactory to the Surety to be used to pay any judgement rendered plus interest, costs, expenses and fees, including those of the Surety.

XV

This is a continuous Agreement which remains in full force and effect as to every Bond issued by the Surety. However, participation in this Agreement by any Indemnitor may be terminated as to future Bonds by written notice to the Surety which shall become effective on the date of written acceptance thereof by the Surety. Such termination shall not relieve any Indemnitor from liability assumed prior to such termination, nor shall it affect the liability of any other Indemnitor.

XVI

The Surety's rights under this Agreement are cumulative with, and in addition to, all other rights of the Surety, however derived. The Surety is not required to enforce or exhaust its rights or remedies against any one Indemnitor before asserting its rights against any other Indemnitor.

XVII

If for any reason this Agreement is invalid as to any Indemnitor, or if any Indemnitor's liability under this Agreement is terminated, the remaining Indemnitors shall nevertheless be liable for the full amount of liability, losses and expenses which the Surety may sustain or incur.

XVIII

This Agreement constitutes a Security Agreement to the Surety and also a Financing Statement enforceable under the Uniform Commercial Code now or hereafter in force in any jurisdiction.

XIX

For the purpose of recording this Agreement, an authenticated true copy hereof shall be regarded as an original.

XX

The Indemnitors have read and understand this Agreement. No separate agreements or understandings change the terms of this Agreement, and no terms may be waived or changed without the Surety's written approval.

Dated and effective this 22nd day of September, 20 03

Note: Corporate signatures and attestations must be by corporate officers empowered to sign and attest. Attestations must be corporate officers other than those signing. Witnesses' signatures must be persons not a party to, or a relative of a party to, this Agreement.

INDEMNITORS

| | |
|---|---|
| Attest: BY: X Lenora C de Baca Secretary<br>Lenora C de Baca Secretary (Title) | WESTERN SUN ENTERPRISES, INC. (Corporate Name) (Seal)<br>By: X<br>Cabir C de Baca President<br>(Title) |
| Attest: ______ (Title) | ______ (Corporate Name) (Seal)<br>By: ______ (Title) |
| Attest: ______ (Title) | ______ (Corporate Name) (Seal)<br>By: ______ (Title) |
| Attest: ______ (Title) | ______ (Corporate Name) (Seal)<br>By: ______ (Title) |
| Attest: ______ (Title) | ______ (Corporate Name) (Seal)<br>By: ______ (Title) |
| Attest: ______ (Title) | ______ (Corporate Name) (Seal)<br>By: ______ (Title) |
| Attest: ______ (Title) | ______ (Corporate Name) (Seal) |

Witness: ______ ______ (Partnership Name)

By: ______ (Individually and as a Partner)

Witness:______________________ ______________________ *(Partnership Name)*

By:______________________ *(Individually and as a Partner)*

Witness:______________________ ______________________ *(Partnership Name)*

By:______________________ *(Individually and as a Partner)*

Witness:______________________ ______________________ *(Individual Name)*

BY: X ______________________ *(Signature)*

Witness:BY: X ______________________ Casie C de Baca, Individual Indemnitor *(Individual Name)*

BY: X Lenora C de Baca *(Signature)*

Witness:BY: X ______________________ Lenora C de Baca, Individual Indemnitor *(Individual Name)*

______________________ *(Signature)*

Witness:______________________ ______________________ *(Individual Name)*

______________________ *(Signature)*

Witness:______________________ ______________________ *(Individual Name)*

______________________ *(Signature)*

Witness:______________________ ______________________ *(Individual Name)*

______________________ *(Signature)*

NOTARY ACKNOWLEDGEMENTS
(ALL "Signatures" must be acknowledged by a Notary Public)
CORPORATE ACKNOWLEDGMENT

State of Colorado }
County of Denver } ss.

On the 22nd day of September 20 03 before me personally appeared Casie C de Baca, to me known, who being by me duly sworn did depose and say: that he resides in Thornton *(City/Town)* Colorado *(State)*; that he is the President *(Title)* of Western Sun Enterprises, Inc. the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.

______________________ *(Notary Public)*

CORPORATE ACKNOWLEDGMENT

State of ______________________ }
County of ______________________ } ss.

On the ____ day of ____ 20__ before me personally appeared ______________________ to me known, who being by me duly sworn did depose and say: that he resides in ______ *(City/Town)* ______ *(State)*; that he is the ______ *(Title)* of ______ the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.

______________________ *(Notary Public)*